IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv199

| | |
|---|---|
| LISA McKINNEY, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, Commissioner)<br>of Social Security, )<br>)<br>    Defendant. )<br>_____ ) | MEMORANDUM AND<br>RECOMMENDATION |

Plaintiff brings this action pursuant to 42 U.S.C. ' 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security (ACommissioner@) denying Plaintiff=s claim for social security disability benefits. This case came before the Court on the administrative record and the parties= Motions for Summary Judgment [# 15 & # 16]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner=s Motion for Summary Judgment [# 16], **DENY** Plaintiff=s motion [# 15], and **AFFIRM** the Commissioner=s decision.

    **I.**    **Procedural History**

Plaintiff filed an application for disability benefits and an application for supplemental benefits on April 23, 2008. (Transcript of Administrative

Record (AT.@) 65-66.) Plaintiff alleged an onset date of May 6, 2007. (T. 133.) The Social Security Administration denied Plaintiff=s claim, finding that she was not disabled. (T. 69-73.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 74, 77-93.) A disability hearing was then held before an Administrative Law Judge (AALJ@). (T. 30-50.) After conducting the hearing, the ALJ issued a decision finding that Plaintiff was not disabled. (T. 14-25.) Subsequently, the Appeals Council denied Plaintiff=s request for review of the decision. (T. 4-6.) Plaintiff then brought this action seeking review of the Commissioner=s decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she is unable to Aengage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .@ 42 U.S.C. ' 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that

significantly limits his ability to perform basic work-related functions; (3) whether the claimant=s impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. <u>Mastro</u>, 270 F.3d at 177; <u>Johnson</u>, 434 F.3d at 654 n.1; 20 C.F.R. ' 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. '' 404.1520(a) and 416.920(a).

### III. The ALJ=s Decision

In his July 21, 2010, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act. (T. 25.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.

(2) The claimant has not engaged in substantial gainful activity since May 6, 2007, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

(3) The Claimant has the following severe impairments: Asthma, a Back Disorder, and an Affective Disorder (20 CFR 404.1520(c) and 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed

–3–

> impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

(5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) that does not involve work around dust and other respiratory irritants and exposure to temperature extremes due to a respiratory impairment; and takes into account an emotional disorder with restrictions regarding the ability to do work related activities consistent with Exhibit 16F.

(6) The claimant is capable of performing past relevant work as an Assembler and a Folder. This work does not require the performance of work-related activities precluded by the claimant=s residual functional capacity (20 CFR 404.1565 and 416.965).

(7) The claimant has not been under a disability, as defined in the Social Security Act, from May 6, 2007, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(T. 16-25.)

## VI. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner=s denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court Amust uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard.@ Craig v.

Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V. Analysis[1]

A. The ALJ Considered the Combined Effects of Plaintiff's Impairments

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

Plaintiff contends that the ALJ erred by failing to consider the combined effects of Plaintiff=s mental and physical impairments. In determining whether a claimant=s impairments render him or her disabled, the ALJ must consider the combined effect of all of the claimant=s impairments, even if each of the impairments when considered separately are insufficient to allow for a finding of disability. Hines, 872 F.2d at 59. In addition, the ALJ must Aadequately explain his or her evaluation of the combined effect of impairments.@ Id.

In contrast to Plaintiff=s contention to the contrary, the ALJ considered the combined effects of Plaintiff=s impairments and adequately explained his determination in the decision. The ALJ set forth the applicable legal standard (T. 15-16) and then proceeded to consider both Plaintiff=s individual impairments and the combined effects of Plaintiff=s impairments (see e.g., T. 18, 24). Plaintiff=s conclusory argument to the contrary is without merit. Absent Plaintiff pointing this Court to some legal authority requiring that an ALJ do more than was done in this case, this Court will not recommend remanding a case where the ALJ explicitly stated in the decision that he considered the combined effects of Plaintiff=s impairments.

**B. Any Error by the ALJ in Failing to Explicitly Address Plaintiff=s Obesity and Hallux Limitus was Harmless**

The ALJ is required to consider a claimant=s obesity at various points in the five-step analysis. SSR 02-1p, 2000 WL 628049 (2002). Although the ALJ inquired at the hearing as to Plaintiff=s height and weight (T. 38), he did not explicitly address Plaintiff=s obesity in his decision.[2] Plaintiff contends that remand is required in this case because the ALJ was required to explicitly consider Plaintiff=s obesity in his decision. Plaintiff, however, offers no explanation of how her obesity would have impacted the ALJ=s five-step analysis or how it would further limit or impair Plaintiff=s ability to work. Indeed, Plaintiff contends that the ALJ=s failure to mention obesity in his decision is sufficient reason to remand the case.

---

[2] Plaintiff testified at the hearing that she was five feet tall and weighed 200 pounds. (T. 38.)

As other courts have explained in similar circumstances, remand is not required so that the ALJ can explicitly consider a claimant=s obesity where, like in this case, it would not impact the outcome of the case. See Skarbek v. Barnhart, 390 F.2d 500, 504 (7thCir. 2004); Rutherford v. Barnhart, 399 F.3d 546, 552-53 (3rd Cir. 2005). This is especially true when the ALJ indirectly factors a claimant=s obesity into his or her analysis by adopting the conclusion of reviewing doctors who were aware of the obesity. See Skarbek, 390 F.2d at 504; Rutherford, 399 F.3d at 552-53; see also Coldiron v. Comm=n of Soc. Sec., 391 F. App=x 435, 443 (6th Cir. 2010) (unpublished); Moss v. Astrue, No. 2:11-cv-44, 2012 WL 1435665, at * 6 (N.D. W. Va. Apr. 25, 2012) (unpublished). Because Plaintiff has failed to set forth how her obesity further impaired her ability to work, and because the ALJ implicitly considered Plaintiff=s obesity by considering the medical evidence in the record, as well as the opinions of state agency physicians who addressed Plaintiff=s obesity and found it imposed no additional impairments (T. 468-69, 423), any error in failing to explicitly mention obesity in the decision was harmless.

Similarly, any error by the ALJ in failing to specifically address Plaintiff=s hallux limitus is harmless. Plaintiff did not claim hallux limitus as an impairment in her application for disability benefits or at the hearing. In fact, the ALJ specifically asked her if there were any other problems they

did not talk about during the hearing. (T. 38.) Although Plaintiff listed a number impairments such as acid reflux and hiatal hernia, Plaintiff made no mention of hallux limitus or any associated pain in her foot. (T. 38.) Moreover, Plaintiff has not demonstrated that this condition produced any functional limitation in Plaintiff= ability to work beyond what the ALJ included in the RFC. Accordingly, any error by the ALJ in failing to explicitly address Plaintiff=s hallux limitus was harmless and does not require remand.

**C. The ALJ did not err by Rejecting the Opinion of Plaintiff=s Treating Physician as to the Extent of her Impairments**

In evaluating and weighing medical opinions, the ALJ considers: A(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.@ Johnson v. Barnhart, 434 F.3d, 653 (4th Cir. 2005); see also 20 C.F.R. ' 404.1527. The ALJ, however, will give a treating source=s opinion Acontrolling weight@ where it Ais well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record . . . .@ 20 C.F.R. ' 404.1527(d)(2); Mastro, 270 F.3d at 178. As the Fourth Circuit

explained in Mastro:

> Thus, A[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.@ Craig, 76 F.3d at 590. Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence. See Hunter, 993 F.2d at 35.

Mastro, 270 F.3d at 178.

In addition, the ALJ must provide a good reason in the notice of the determination or decision for the weight he or she gives a claimant=s treating source opinions. 20 C.F.R. ' 404.1527(d)(2); SSR 96-2p, 1996 WL 374188 (Jul. 2, 1996). Social Security Ruling 96-2p further provides that:

> the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

Plaintiff contends that the ALJ erred in weighing the medical opinions. Plaintiff=s primary care physician, Dr. Chad Smoker, completed a lumbar spine residual functional capacity questionnaire, a pulmonary residual functional capacity questionnaire, and a mental impairment questionnaire. (T. 470-89.) Dr. Smoker opined in the questionnaires that Plaintiff was more severely impaired than what the ALJ determined. Plaintiff contends that the

–10–

ALJ improperly rejected the opinion of Dr. Smoker and, thus, remand is required.

The ALJ specifically addressed the questionnaires prepared by Dr. Smoker in the decision and found that they were entitled to little or no weight because they were inconsistent with the record as a whole and the objective medical evidence in the record. (T. 21-22.) In reaching his decision, the ALJ set forth specific reasons for rejecting the opinion of Dr. Smoker that were sufficiently specific to allow this Court to ascertain the weight the ALJ gave to the opinion and the reason for doing so. <u>See</u> SSR 96-2p. The ALJ set forth in detail the objective medical evidence in the record that contradicted the assessment of Dr. Smoker as to Plaintiff=s functional limitations. (T. 18-24.) In addition, the ALJ found that the Plaintiff=s reports of daily activities were also inconsistent with the limitations imposed by Dr. Smoker. (T. 20-22.) The Court finds that substantial evidence supports the decision of the ALJ to not assign controlling weight to the opinion of Dr. Smoker expressed in the questionnaires and to reject the overstated assessment of Dr. Smoker as to Plaintiff=s impairments because the assessment was not supported by the objective evidence in the record. <u>See</u> <u>Rogers v. Barnhart</u>, 204 F. Supp. 2d 885, 893 (W.D.N.C. 2002) (Cogburn, Mag. J.) (AEven the opinion of a treating physician may be disregarded where

–11–

it is inconsistent with clearly established, contemporaneous medical records.@)   Accordingly, remand is not required in this case.

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner=s Motion for Summary Judgment [# 16] **DENY** Plaintiff=s motion [# 15], and **AFFIRM** the Commissioner=s decision.

Signed: December 10, 2012

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).