IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:11cv199

| | |
|---|---|
| LISA McKINNEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTURE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 15] and the Defendant's Motion for Summary Judgment [Doc. 16].

Pursuant to 28 U.S.C. §636(b) and a specific Order of referral of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider these pending motions and to submit to this Court a recommendation for their disposition. On December 11, 2012, the Magistrate Judge filed a Memorandum and Recommendation [Doc. 19] in which he recommended that the Plaintiff's Motion for Summary Judgment be denied; the Defendant's Motion for Summary Judgment be granted and the Commissioner's decision be affirmed. [Id.]. The parties were advised

of the time within which any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed. The Plaintiff timely filed her Objections to the Memorandum and Recommendation. [Doc. 23].

## PROCEDURAL HISTORY

The Plaintiff does not lodge any objections to the Magistrate Judge's statement of the procedural and factual Background, Standard of Review, or Discussion of the sequential evaluation process. She also does not object to the Magistrate Judge's discussion concerning the Administrative Law Judge's (ALJ) treatment of her condition of obesity.

Having conducted a careful review of these portions of the Memorandum and Recommendation, the Court finds that the Magistrate Judge's treatment thereof is correct and supported by the record.

## STANDARD OF REVIEW

This Court has statutory authority to assign pending dispositive pretrial matters to a Magistrate Judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that the Court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court is not required to review under a *de novo* standard the proposed factual findings or legal

conclusions of the Magistrate Judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Similarly, *de novo* review is not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## DISCUSSION

The Plaintiff's first assignment of error is to the Magistrate Judge's conclusion that any failure by the ALJ to specifically address the Plaintiff's condition of hallux limitus[1] was harmless error. The Magistrate Judge, however, based this conclusion on the fact that the Plaintiff did not claim hallux limitus as an impairment in her application or at her hearing. [Doc. 11-6; Doc. 11-3 at 35-45]. Although the Plaintiff testified at her hearing that she had just begun having problems with her feet within the past three months prior to the hearing, she did not state that she had such a diagnosis and no further explanation was given by her. [Id. at 44].

The Plaintiff now cites to her medical records, claiming they disclose a condition which, in conjunction with other impairments, created a

---

[1] The condition of hallux limitus is a loss of motion in the great toe. Dorland's Illustrated Medical Dictionary at 818 (32d ed. 2012).

3

functional limitation in her ability to work. [Doc. 23 at 2]. The records cited, however, do not show such a limitation. In April 2010, the Plaintiff was seen by her podiatrist for follow up of "painful hallux limitus deformity" but she reported that the "[n]ew orthotic is very comfortable" and she was instructed to continue to wear it. [Doc. 11-13 at 12]. A little over one month later, the Plaintiff called to cancel her appointment stating that her foot was better and she would call if it began to hurt again. [Id.]. Her gait was reported as normal. [Id. at 15]. There is no further evidence in the record that the Plaintiff received treatment for this condition; thus, she failed to meet the durational requirement. 42 U.S.C. §423(i)(1)(A); 20 C.F.R. §404.1509.

Nine of the twenty-three pages of Objections filed by the Plaintiff relate to her claims that the ALJ committed error in the handling of her condition of hallux limitus and that such error was not harmless. [Doc. 23]. The Magistrate Judge, she argues, failed to address that error, failed to consider whether it was indeed harmless and merely glossed over the issue of whether that condition, in conjunction with others, impacted her functional limitations. [Id.]. Before the Magistrate Judge, however, the Plaintiff's sole argument was one paragraph in which she concluded: "Regardless of whether or not this impairment would be considered severe,

4

the ALJ was still obliged to consider 'the combined effect of both severe and nonsevere impairments' on [her] ability to perform work-related functions." [Doc. 15-1 at 20]. No further argument was offered. Where a party asserts claims in the objections which were not asserted in support of or in opposition to a motion before the Magistrate Judge, *de novo* review is not warranted. Price v. Dixon, 961 F.Supp. 894 (E.D.N.C. 1997) (claims cannot be raised for the first time in objections to a memorandum and recommendation). The Court therefore rejects the Plaintiff's Objections as to this issue.

The Plaintiff's next objection is to the Magistrate Judge's conclusion that the ALJ properly considered her mental and physical impairments in combination. The Plaintiff claims the ALJ merely "mouthed" the appropriate words without actually weighing the combined effects of such impairments. The ALJ, however, noted each of the Plaintiff's impairments, some of which he found to be severe and others not severe. [Doc. 11-3 at 17-18]. He next considered her mental impairment and its impact on her activities of daily living. [Id. at 18-20]. Finally, the ALJ discussed the impact of these impairments, both individually and in combination. [Id. at 20-25]. The Magistrate Judge's conclusion as to the ALJ's consideration is correct.

The Magistrate Judge found that the ALJ did not err by rejecting the

opinion of the Plaintiff's treating physician concerning the extent of her impairments. The Plaintiff claims that the Magistrate Judge did not actually address her assignments of error concerning the ALJ's rejection of the treating physician's opinion. She claims that the Magistrate failed to specifically cite to those portions of the record which supports the ALJ's determination. This argument overlooks the Magistrate Judge's citations to the transcript, showing the medical evidence, the treating physician's opinion, the Plaintiff's daily activities, and other evidence supporting the ALJ's decision not to assign controlling weight. [Doc. 19 at 10-11].

The Plaintiff's Objections as to this issue constitute a strange combination of the mere reiteration of the arguments made in her initial brief and references to arguments not made before the Magistrate Judge.[2] [Doc. 23 at 10-23]. However, merely referencing the same arguments made in the pleading submitted to the Magistrate Judge does not warrant *de novo* review. United States v. Midgette, 478 F.3d 616, 621 (4th Cir.), cert. denied 551 U.S. 1157, 127 S.Ct. 3032, 168 L.Ed.2d 749 (2007) (emphasis in original). And, as noted above, arguments made for the first

---

[2] In the brief before the Magistrate Judge, the Plaintiff confined her arguments to the ALJ's treatment of Dr. Smoker's opinion. [Doc. 15-1]. In the Objections, however, she expands her argument to the ALJ's consideration of the opinions of nontreating physicians. [Id.].

6

Case 1:11-cv-00199-MR-DLH   Document 24   Filed 01/25/13   Page 6 of 8

time in the objections which were not asserted before the Magistrate Judge do not warrant *de novo* review. Price, 961 F.Supp. 894.

This Court, moreover, does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation and citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." Id. It is not the role of this Court to draw different conclusions from the evidence; the duty of resolving conflicts in the evidence belongs to the ALJ. Id. This Objection is rejected as well.

The Plaintiff's final objection is to the Magistrate Judge's statement that the ALJ found the Plaintiff's daily activities inconsistent with the limitations imposed on her by Dr. Smoker. [Doc. 23 at 18]. This argument, again, was not raised before Magistrate Judge and will not be considered here.

Having conducted a *de novo* review where appropriate, the Court accepts the Magistrate Judge's recommendation that the Commissioner's decision should be affirmed.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections [Doc. 23] are hereby **REJECTED**, and the Magistrate Judge's Memorandum and Recommendation [Doc. 19] is hereby **ADOPTED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 16] is hereby **GRANTED** and the Plaintiff's Motion for Summary Judgment [Doc. 15] is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **AFFIRMED** and this case is hereby **DISMISSED**.

The Clerk of Court is instructed to enter Judgment.

Signed: January 24, 2013

Martin Reidinger
United States District Judge