IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:11cv199

```
LISA McKINNEY,                          )
                                        )
            Plaintiff,                  )
                                        )
      vs.                               )      O R D E R
                                        )
CAROLYN W. COLVIN,[1]                   )
Commissioner of Social Security,        )
                                        )
            Defendant.                  )
_____)
```

**THIS MATTER** is before the Court on the Plaintiff's Motion for Reconsideration under F.R.Civ. 59(E) [Doc. 26].

On January 25, 2013, this Court rejected the Plaintiff's Objections to the Magistrate Judge's Memorandum and Recommendation, granted the Defendant's Motion for Summary Judgment and affirmed the Commissioner's decision denying the Plaintiff's application for an award of social security benefits. [Doc. 24]. Judgment was entered the same day. [Doc. 25]. On February 22, 2013, the Plaintiff filed the pending motion claiming that the undersigned committed a "clear error of law" and that the

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013.

ruling contains "manifest errors of … fact." [Doc. 26-1 at 1].

> Rule 59(e) motions will be granted in three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."

Ingle *ex rel.* Estate of Ingle v. Yelton, 439 F.3d 191, 197 (4th Cir. 2006). The only ground raised here is that the Court committed a clear error of law.[2]

The Court first notes that Plaintiff's counsel concedes his Objections were not a model of clarity. [Doc. 26-1 at 2 n.2] ("our first two objections, had serious flaws … We apologize for putting the Court to the effort of correcting our errors … ."). The pending motion suffers from the same ailment. Counsel has used an eighteen page brief to merely reargue matters which he should have more clearly articulated in his Objections. TFWS, Inc. Franchot, 572 F.3d 186, 194 (4th Cir. 2009) (noting that counsel reiterated arguments on motion for reconsideration "as though for review in the first instance"); Gross v. Pfizer, Inc., 825 F.Supp.2d 654, 664 (D.Md. 2011). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment[.]" Braunstein v. Pickens, 409 Fed. App'x. 791, 798 (4th Cir. 2011). Such

---

[2] Plaintiff's counsel did not argue that a manifest injustice has occurred. [Doc. 26-1 at 16] ("This is an issue concerning an error of law.").

posturing, however, is inappropriate, especially given that counsel presents such arguments on the basis that this Court committed a "clear error of law" and made "manifest errors of fact." "A prior decision does not qualify for [reconsideration pursuant to Rule 59(e)] by being just maybe or probably wrong; it must … strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." TFWS, Inc., 572 F.3d at 194 (internal quotation and citation omitted). That is, the decision must be "dead wrong." Id. Such is not the case here.

The Plaintiff argued before the Magistrate Judge that the Administrative Law Judge (ALJ) improperly rejected the opinion of her treating physician concerning the extent of her impairments. The Magistrate Judge found that the ALJ properly rejected the treating physician's opinion and to this, the Plaintiff somewhat obliquely objected. This Court held that the Plaintiff's Objection on this issue

> overlook[ed] the Magistrate Judge's citations to the transcript, showing the medical evidence, the treating physician's opinion, the Plaintiff's daily activities, and other evidence supporting the ALJ's decision not to assign controlling weight [to that opinion]. The Plaintiff's Objections as to this issue constitute a strange combination of the mere reiteration of the arguments made in her initial brief and references to arguments not made before the Magistrate Judge.

[Doc. 24 at 6]. The Court cited as an example the fact that in the Objections the Plaintiff raised a new issue not presented to the Magistrate

3

Judge: the ALJ's allegedly erroneous consideration of the opinions of nontreating physicians. [Id. at n.2]. The Court also stated that the Plaintiff's Objections were not specific but a "mere reiteration" of earlier arguments. Seizing on the Court's citation to United States v. Midgette, 478 F.3d 616, 621 (4th Cir.), cert. denied 551 U.S. 1157, 127 S.Ct. 3032, 168 L.Ed.2d 749 (2007), the Plaintiff claims this Court committed a "clear error of law" by failing to conduct a *de novo* review of the new issue and non-specific objections.[3]

In the Plaintiff's memorandum of law submitted in support of her Motion for Summary Judgment, she asserted as error the ALJ's failure to accord controlling weight to the opinion of her treating physician. [Doc. 15-1]. Plaintiff's counsel provided a recitation of the medical evidence in the record from that treating physician. [Id. at 21–25]. Counsel then argued that the ALJ improperly rejected the opinion of that treating physician by "assigning no weight whatsoever to [his] opinion." [Id. at 26-27].

In the Objections to the Memorandum and Recommendation,

---

[3] The Plaintiff's counsel cited United States v. George, 971 F.2d 1113 (4th Cir. 1992), in support of his contention that this Court committed "clear error." In George, the United States Court of Appeals for the Fourth Circuit held that *where a proper objection* has been raised, the district court must consider all arguments directed to the objection whether or not raised before the Magistrate Judge. Inherent in the Circuit Court's ruling is the answer to the issue at hand: the objection made here was not proper because it raised an *issue* not previously submitted to the Magistrate Judge, not simply a new argument.

4

Case 1:11-cv-00199-MR-DLH   Document 29   Filed 04/01/13   Page 4 of 6

Plaintiff's counsel argued for the first time that "the ALJ thought some of the [nontreating] doctor's findings were inconsistent with [the treating physician's] conclusions." [Doc. 23 at 15]. This argument is repeatedly raised in the Objections as counsel attempted to show that the opinions of these nontreating physicians actually supported the opinion of the treating physician that the Plaintiff is disabled. [Id. at 16–18]. Thus, in the Objections, counsel raised for the first time the issue of whether the opinions of nontreating physicians actually supported the opinion of the treating physician that the Plaintiff was disabled. White v. Keller, 2013 WL 791008 **4 (M.D.N.C. 2013) (rejecting an argument based on George, 971 F.2d at 1118, because "[i]n this case, … Petitioner seeks to assert a new claim, not to make an argument with respect to an existing claim.").

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." TFWS, Inc., 572 F.3d at 194. Although Plaintiff's counsel has accused this Court of committing a clear error of law, he has conceded that his interpretation of the Court's ruling may be wrong. [Doc. 26-1 at 3 n.3]. The bulk of the memorandum in support of the motion is merely a rephrasing of arguments previously made. [Id. at 8-18]. Indeed, counsel admits the same. [Id. at 8 n.7] ("We repeat the argument set out in our Objections … on the practical ground

5

that it is more convenient for you to review it here than to turn back to another document."). "Because a Rule 59 (e) motion may not be used to relitigate old matters, Plaintiff's assertions do not meet the exacting requirements for relief under Rule 59(e)." Hoskins v. Napolitano, 2012 WL 6136674 **3 (D.Md. 2012) (internal quotation and citation omitted). "[M]ere disagreement does not support a Rule 59(e) motion" on the ground of clear error of law. United States *ex rel*. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir.), cert. denied 538 U.S. 1012, 123 S.Ct. 1929, 155 L.Ed.2d 848 (2003).

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Reconsideration under F.R.Civ. 59(E) [Doc. 26] is hereby **DENIED**.

Signed: March 30, 2013

Martin Reidinger
United States District Judge